## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | |
|---|---|
| JORGE ZEA, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-137 |
| § | |
| AVIS RENT A CAR SYSTEM, INC., § | |
| et al., § | |
| § | |
| Defendants. § | |

### ORDER DENYING PLAINTIFFS' MOTION TO REMAND

This case comes before the Court on removal for a second time from the 344th District Court of Chambers County, Texas. For the reasons stated below, the Court respectfully **DENIES** Plaintiffs' Motion to Remand.

**I. Background**

This case arises out of an accident that occurred on July 7, 2004, in Wallisville, Chambers County, Texas. A group of Venezuelan firefighters rented three sports utility vehicles ("SUVs") from Avis Rent a Car, Inc. ("Avis") in Miami, Florida. When the accident occurred, the firefighters were traveling west on IH-10 en route to Texas A&M University in College Station, Texas. One of the SUVs, a 2004 Ford Explorer ("Explorer") being driven by Jose Andrew Gantes-Frias ("Gantes-Frias"), veered off the highway onto the shoulder and drove into a parked 2000 International Tractor, occupied by Daniel Hopper ("Hopper"). The Explorer contained four passengers in addition to the driver: Adelis Dinorah Idler-Alvares, Antonio Jose Colmenares, Carolina Milagros Moreales-Linares, and Jorge Socorro Zea (collectively, "passengers"). Hopper and Zea were the only ones who survived

the accident.

On July 25, 2005, Avis filed an Interpleader pursuant to Rule 43 of the Texas Rules of Civil Procedure in the 344th District Court, Chambers County, Texas, against the passengers of the Explorer and Hopper, to determine the beneficiaries of the secondary insurance coverage provided by Avis, which has a $40,000 policy limit. On August 8, 2005, the Estate of Gantes Frias filed an Intervention against Avis, Avis Enterprises, Inc., Cendant Car Rental Group, Inc., Cendant Auto Services, Inc., Cendant Car Rental Operations Support, Inc., Cendant Operations, Inc., Cendant Corporation, and PV Holding Corp (collectively "Defendants"), originally known as the "Third-Party Defendants." On August 9, 2005, the surviving passengers and the estate representatives for the deceased passengers filed their Original Answer to Avis's Interpleader, and they filed a Third-Party Petition against Defendants. Hopper did the same. On August 29, 2005, the original Third-Party Defendants filed a Notice of Removal, asserting that there was complete diversity between the parties, and that the amount in controversy exceeded $75,000. *See Civil Action No. G-05-469, Avis Rent A Car System, Inc. v. Jorge Socorro Zea*. The Plaintiffs timely filed a Motion to Remand on September 20, 2005. On October 31, 2005, this Court remanded that cause of action back to the 344th District Court of Chambers County, Texas, on the ground that it had been improperly removed by third-party defendants.

Once back in the 344th District Court, Avis filed a Notice of Non-Suit as to its Interpleader, and an Order to that effect was entered on December 16, 2005. The Third-Party Defendants then filed a Motion to Realign Parties, and that Order was entered on February 15, 2006. This Order effectively made Avis and the other Third-Party Defendants the "Defendants" and the Third-Party Plaintiff, including Gantes-Frias and Hopper, the "Plaintiffs." On March 3, 2006, Defendants removed this

case for the second time pursuant to 28 U.S.C. § 1446(b).  On March 29, 2006, Plaintiffs filed their timely Motion to Remand.

**II. Legal Standard**

The federal removal statute provides that "[e]xcept as otherwise expressly provided ... any civil action brought in a State court of which the district courts ... have original jurisdiction, may be removed by the *defendant or defendants*, to the district court ... for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).  The only possible basis for federal jurisdiction in this case is diversity.  The federal diversity jurisdiction statute provides the district courts with jurisdiction over civil actions where the amount in controversy exceeds $75,000 and where the parties are citizens of different states.  *See* 28 U.S.C. § 1332(a).  The diversity statute has long been interpreted to mandate a rule of "complete diversity," meaning that the diversity statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 4677, 472, 136 L. Ed. 2d 437 (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)).[1]  Generally, the plaintiff's

---

[1] The issue of fraudulent joinder has been raised briefly by Defendants.  The district court may discount non-diverse defendants if the removing party can show that the plaintiff fraudulently joined those defendants.  To prove fraudulent joinder, "[t]he removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).  "The removing party carries a heavy burden when attempting to prove fraudulent joinder." *Id.* (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995)).  In their Response, Defendants point out that Plaintiffs have incorrectly alleged that Defendant Cendant Corporation ("Cendant") maintains its principal place of business in Texas, whereas Defendants claim that Cendant maintains its principal place of business in New York.  Plaintiffs, in their Motion to Remand, do not argue that there is no

complaint must allege facts showing that complete diversity exists. *See, e.g.*, *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 11254, 1258 (5th Cir. 1988). If the federal district court does not have subject matter jurisdiction over the case, the court must remand the case. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The event giving rise to the second removal by Defendants was the realignment of the Parties by the State Court. Plaintiffs contend that this event cannot constitute grounds for removal because it was initiated by Defendants, and that the actions of a defendant cannot create a removable case. Alternatively, Plaintiffs argue that the Court should again realign the Parties, and substitute its own judgment for that of the State Court, and thereby find no jurisdiction over this case. This Court is not in the practice of second-guessing the judgment and decisions of its brethren in the state courts, and it will not do so in this case. The Parties will not be realigned, and as they stand, the requirements of 28 U.S.C. § 1332(a) have been met.[2] Therefore, the sole issue before the Court is whether the realignment of the Parties by the State Court is an event providing Defendants with grounds to seek a subsequent removal.

**III. Analysis**

28 U.S.C. § 1446(b) permits more than one notice of removal, providing in relevant part:

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise,

---

diversity based on the fact that both Hopper and Cendant are Texas residents. Plaintiffs made no mention of Cendant in its Motion. Cendant is headquartered in New York, New York. For now, Cendant will be treated as a citizen of New York given that there is no evidence to show otherwise, and it is unequivocally headquartered in New York.

[2]The Parties are completely diverse and the amount in controversy has been met.

> of a copy of an **amended pleading, motion, order or other paper** from which it may be first ascertained that the case is one **which is or has become removable**....

(emphasis added). The Fifth Circuit has also recognized a defendant's right to seek subsequent removals after remand. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). Once a case is remanded, a defendant is precluded from seeking removal again on *the same ground*. That is, a defendant cannot rely on the same *pleading or event* to argue removability. However, the *theory* of removability may be the same. *See id.* In this case, diversity jurisdiction has been the theory of removability on both removals, which is acceptable. This time, there is a different ground for removal: that the State Court realigned the Parties.

Plaintiffs contend that the event making a non-removable case removable must be a voluntary act of the plaintiff, rather than the defendant. For this proposition, Plaintiffs rely primarily upon the Fifth Circuit's decision in *S.W.S. Erectors, Inc. v. Infax, Inc.* In that case, the Fifth Circuit reaffirmed its earlier holding that the "'other paper' conversion [in § 1446(b)] requires a voluntary act by the plaintiff." *Id.* at 494. The Court agrees and notes that it is essentially uncontested that a defendant cannot use the "other paper" conversion by creating the paper which establishes federal jurisdiction, and that to fall within the "other paper" exception requires a voluntary act by the plaintiff. *See Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (finding that the plaintiff's post-complaint demand letter was "other paper" giving the defendant notice that the case was removable); *S.W.S. Erectors*, 72 F.3d at 494 (finding that an affidavit by the defendant based on the defendant's subjective knowledge cannot convert a non-removable case into a removable one); *Gaitor v. Peninsulat & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961) (finding that "other paper" requires a voluntary act of the plaintiff); *Russell v. Home State County Mut. Ins. Co.*, 244 F. Supp.

2d 669, 671–72 )(E.D. La. 2003) (finding that an unanswered letter from defense counsel regarding the amount in controversy does not constitute a "voluntary act" for purposes of the other paper exception). This prevents abuse by defendants, i.e., creating an affidavit for the sole purpose of raising the amount in controversy to meet the jurisdictional requirements. However, the voluntary-involuntary rule is not absolute, and there are recognized exceptions. *See e.g.*, *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (recognizing an exception to the voluntary-involuntary rule where defendants are improperly, though not fraudulently joined and where the state court has severed the improperly joined parties); *Insinga v. La Bella*, 845 F.2d 249, 254 (11th Cir. 1998) (noting that fraudulent joinder is a well-established exception to the voluntary-involuntary rule).

Although there is ample discussion in the case law on what constitutes "other paper" for the purposes of § 1446(b), there is relatively no discussion on what constitutes an "order." *See Cuellar v. Crown Life Ins. Co.*, 116 F. Supp. 2d 821, 825 (S.D. Tex. 2000). Certainly the Court is not at a loss to ascertain the plain meaning of the word "order," but there does appear to be a conflict between an order constituting the event that a defendant might seek a second removal from, and the voluntary-involuntary rule. An order is inherently an act of a Court, not a plaintiff. A review of the case law on this subject indicates that this conflict is unresolved. To begin with, in *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir. 1967), the Fifth Circuit held that the voluntary-involuntary rule survived the enactment of 28 U.S.C. § 1446(b). *See id.* at 548. In that case, the defendants filed a petition for removal during trial after the resident defendant had been dismissed by means of a directed verdict for insufficiency of the plaintiff's evidence. *See id.* at 547. On the other hand, in *Crockett*, the Fifth Circuit established that the voluntary-involuntary rule is not absolute. In that case, the Circuit held

that removal on the basis of a severance of claims against an improperly joined party is an event that can turn a nonremovable case into a removable case, and that such an order is not subject to the voluntary-involuntary rule. *See Crockett*, 436 F.3d at 533. In *Crockett*, the act creating the changed circumstances was an order issued by a state court over the objections of the plaintiffs. It was not the result of a voluntary act of the plaintiffs. *See id.* at 532–33. In the present case, there is a State Court Realignment Order issued over the objection of Plaintiffs. Thus, the relevant event clearly meets the statutory requirements of § 1446(b), but not the voluntary-involuntary rule.

The Court finds that the most prudent course of action, and the one most consistent with recent precedent, is to follow the lead of the Fifth Circuit in *Crockett*. It presents the most analogous situation to the one presently before the Court. Additionally, the Court finds that *Weems* is distinguishable from the instant case in one substantial respect. In *Weems*, the event that allegedly made the case removable was the dismissal of the resident defendant by means of a directed verdict. Essentially, the directed verdict was an order going to the *merits* of the underlying dispute, which is a determination separate and apart from those governing jurisdiction. Here, the State Court's Order did not address the merits of Plaintiffs' or Defendants' underlying claims. It merely addressed the proper alignment of the Parties. Therefore, in accordance with the Fifth Circuit's decision in *Crockett*, the Court finds that the State Court's Realignment Order turned this case from a nonremovable case to a removable case, and that it was properly removed to this Court. The Court acknowledges that this is an issue of first impression within the Circuit, and Plaintiffs are entitled to their full rights of appeal. This Court will of course follow any interpretation of the Fifth Circuit on this matter, as the ultimate decision on this issue is one that falls appropriately within the purview of the Circuit.

## IV. Conclusion

For the reasons stated above, the Court finds that this action was properly removed by Defendants. Therefore, the Court respectfully **DENIES** Plaintiffs' Motion to Remand. Each party is to bear its own attorneys' fees, taxable costs, and expenses incurred herein to date.

**IT IS SO ORDERED**

**DONE** this 17th day of May, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge